DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID SCOTT LOPEZ,<br><br>               Plaintiff,<br><br>v.<br><br>ADAMS PUBLISHING GROUP, LLC dba THE POST REGISTER; ADAMS COMMUNICATIONS COMPANY, LLC; APG MEDIA OF THE ROCKIES, LLC dba THE POST REGISTER,<br><br>               Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Filing Fee: $402.00 |

Plaintiff, David Scott Lopez, by and through his counsel of record Casperson Ulrich Dustin PLLC, as a cause of action against Defendants, Adams Publishing Group, LLC dba The Post Register; Adams Communications Company, LLC; and APG Media of the Rockies, LLC dba The Post Register, alleges and complains as follows:

## JURISDICTION AND VENUE

1.   This is an action brought under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; and the common law of the State of Idaho.

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367; and 42 U.S.C. § 12117.

3.   Venue in this action properly lies in the United States District Court for the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district; and venue also properly lies in this district pursuant to 42 U.S.C. § 12117 because the unlawful employment practices were committed in this judicial district.

## PARTIES

4.   Plaintiff David Scott Lopez ("Lopez" or "Plaintiff") is a citizen and a resident of the United States of America, who resides in Idaho Falls, Idaho.

5.   Defendant Adams Publishing Group, LLC dba The Post Register is a Delaware limited liability company and is the employer listed on Plaintiff's August 9, 2018 short-term disability payment.

6.   Defendant Adams Communications Company, LLC is a Delaware limited liability company and is the employer listed on Plaintiff's 2017 W-2; Plaintiff's 2019 Group Explanation of Benefits; as well as Plaintiff's employer for purposes of his worker's compensation claim according to the Idaho Industrial Commission, in case no.: IIC# 2018-005368.

7.   Defendant APG Media of the Rockies, LLC is a Delaware limited liability company with its principal place of business in Easton, Maryland, which conducts business in Idaho under the assumed business name of The Post Register, which has offices in Idaho Falls, Idaho.

8.      Adams Publishing Group, LLC dba The Post Register; Adams Communications Company, LLC; and APG Media of the Rockies, LLC dba The Post Register are collectively referred to hereafter as "Defendants." At all times material to this Complaint, Defendants were joint employers or constituted a single employer of Plaintiff.

9.      At all times material to this Complaint, Defendants regularly employed fifteen or more persons, and was engaged in an industry affecting commerce, bringing Defendants within the ambit of 42 U.S.C. § 12111.

## FACTS COMMON TO ALL COUNTS

10.     Lopez realleges and incorporates by reference paragraphs 1 through 9 above as though fully set forth herein.

11.     Defendants hired Lopez on or about February 4, 2013, as a journeyman pressman.

12.     On or about April 11, 2017, Lopez injured his right shoulder at work as he was lifting himself from a lower level of the press to a higher level of the press.

13.     He felt pain in both shoulders but a pop only in his right shoulder. He immediately reported the injury to his supervisor, Mark McKenzie ("McKenzie").

14.     Lopez went to Community Care the same day and told the medical providers about the pain in both shoulders.

15.     On or about May 17, 2017, he was released to return to light duty work with lifting restrictions. He got an MRI of his right shoulder on May 23, 2017. After receiving the result of the MRI, his doctor recommended surgery to repair a SLAP lesion and other damage to his right shoulder evident on the MRI.

16.     Lopez had surgery to repair the right shoulder on June 15, 2017, and a second procedure on October 3, 2017.

17. During a follow-up visit with his doctor on October 11, 2017, he was given a 10-pound lifting restriction for two weeks and increasing to 20 pounds thereafter.

18. He returned to work on December 30, 2017.

19. On January 20, 2018, he texted his supervisor, McKenzie, to report increasing pain in his left shoulder and requesting permission to seek medical help and get a cortisone shot or some other assistance. McKenzie responded with a short text saying, "Ok. Thanks," but nothing further.

20. On January 29, 2018, his doctor lifted all work restrictions.

21. On February 13, 2018, while at work, as Lopez was shaking a press plate to release it, he felt a pop in his left shoulder, followed by immediate pain. He reported the injury to his supervisor who told him to call his wife.

22. With his wife's help, Lopez went directly to the emergency room where they took an x-ray of his left shoulder.

23. The next day Lopez called V.P. of Human Resources, JoAnn Hopson ("Hopson"), McKenzie, and the Idaho Industrial Commission to report the injury and give them an update.

24. The representative at the Industrial Commission instructed Lopez to get an MRI, which he did in March 2018. He received the results the same day and forwarded the results to McKenzie and the Industrial Commission. The Commission then told Lopez to wait while they set up an independent medical exam ("IME").

25. On March 15, 2018, Lopez was released for light duty work with a 20-pound lifting restriction on his left arm pending the IME.

26. Dr. Chen conducted the IME on April 26, 2018.

27.     Lopez had surgery on his left shoulder on August 20, 2018.

28.     The next day, Lopez texted McKenzie to tell him he made it through surgery and the recovery would take several months.

29.     Lopez had a second procedure on his left shoulder on December 31, 2018 to regain his range of motion.

30.     Throughout 2018, Lopez kept Defendants apprised of his progress by sending doctor's notes.

31.     In the fall of 2018, Lopez received a telephone call from Hopson, informing him he was being terminated for not being able to return to work. When Lopez reminded Hopson that he had not returned to work because he was still recuperating from a workplace injury, Hopson said he was no longer being fired.

32.     On January 10, 2019, Lopez was released to return to work with a restriction of no lifting more than 25 pounds above the waist. Lopez informed his union representative of the release and restriction but did not receive notice of when he should report for duty.

33.     On January 11, 2019, he sent a text message to an individual named Jeff in the Defendants' human resources department asking about a return to work. Lopez had texted Jeff in the past and he generally responded right away. Jeff texted back that Hopson was out, but that they would let him know the following week.

34.     Defendants did not reinstate Lopez, but terminated his employment on January 15, 2019.

35.     The reason Defendants provided for the termination was that Defendants had not received any anticipated return to work date from Lopez's doctor and there was no indication that additional time off would enable me to return to work in the future, with or without reasonable accommodations.

36.    Defendants also said they were unaware of any reasonable accommodations which would enable him to perform the essential functions of his job and there were no other jobs available that he would be able to perform.

37.    On January 22, 2019, Lopez was released to return to work without restrictions.

38.    On October 22, 2019, Lopez simultaneously filed a charge of discrimination with the Idaho Human Rights Commission and the EEOC.

39.    Defendants responded to the charge on January 27, 2020.

40.    Lopez received his Notice of Right to Sue on January 14, 2021.

41.    Lopez has exhausted his administrative remedies.

**COUNT ONE**
**VIOLATION OF THE AMERICANS WITH**
**DISABILITIES ACT AMENDMENTS ACT/**
**IDAHO HUMAN RIGHTS ACT**
**(Disability Discrimination)**

42.    Lopez realleges and incorporates by reference paragraphs 1 through 41 above as though fully set forth herein.

43.    Lopez had a disability as defined by the ADAAA, in that he had an actual disability, a record of disability, or Defendants regarded him as being disabled.

44.    Plaintiff's disabilities substantially limited his major life activities and/or major bodily functions, including his ability to lift, carry, reach, and other musculoskeletal movements.

45.    Defendants took adverse employment action against Lopez when Defendants terminated Lopez's employment on January 15, 2019 because it perceived him as being unable to perform the essential functions of his job on account of his shoulder.

46.    As a direct and proximate result of Defendants' actions and/or failures to act, Lopez has suffered and will continue to suffer a loss of earnings and other employment benefits and job

opportunities. Lopez is thereby entitled to general and compensatory damages in an amount to be proven at trial, as well as any other remedies available to him.

47. Defendants' conduct was malicious and oppressive, and done with reckless disregard for Lopez's federally protected rights, for which Lopez is entitled to punitive damages.

**COUNT TWO**
**VIOLATION OF THE AMERICANS WITH**
**DISABILITIES ACT AMENDMENTS ACT/**
**IDAHO HUMAN RIGHTS ACT**
**(Failure to Accommodate)**

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff was disabled within the meaning of the ADAAA.

50. Plaintiff's disabilities required that Plaintiff be accommodated by adhering to his doctor's recommended lifting restrictions until his shoulder completely healed.

51. Plaintiff was a qualified individual able to perform the essential functions of his job with reasonable accommodations.

52. Defendants failed to accommodate Plaintiff by refusing to allow him to return to work with restrictions.

53. Defendants took adverse action against Plaintiff by terminating his employment instead of accommodating his disability through lifting restrictions, and failing to engage in the interactive process with Plaintiff.

54. As a direct and proximate result of Defendants' actions and/or failures to act, Plaintiff has suffered, and will continue to suffer, a loss of earnings, employment benefits, and job-related opportunities. Plaintiff is therefore entitled to general and compensatory damages, in an amount to be proven at trial, as well as any other remedies available to him.

55.     Defendants' conduct was malicious and oppressive, and done with reckless disregard for Lopez's federally protected rights, for which Lopez is entitled to punitive damages.

**COUNT THREE**
**WRONGFUL TERMINATION IN CONTRAVENTION**
**OF PUBLIC POLICY**

56.     Lopez realleges and incorporates by reference paragraphs 1 through 55 above as though fully set forth herein.

57.     Lopez engaged in protected activity when he reported work-related injuries and/or a disability, sought medical treatment for a work-related injury, and pursued a worker's compensation claim associated with his work-related injury.

58.     Defendants retaliated against Lopez and terminated him as result of his reporting his work-related injuries, seeking medical treatment for his work-related injury, and pursing a worker's compensation claim associated with his work-related injury.

59.     Defendants violated the public policy of the State of Idaho by its retaliatory actions.

60.     As a direct and proximate result of Defendants' actions and/or failures to act, Lopez has suffered and will continue to suffer a loss of earnings and other employment based job opportunities. Lopez is thereby entitled to damages, such amount to be proven at trial, as well as other equitable remedies available to him.

**COUNT FOUR**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**
**(Retaliation and Interference)**

61.     Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as though fully set forth herein.

62.     Plaintiff availed himself of a protected right under the FMLA by qualifying for and taking FMLA leave.

63.    Defendants terminated Plaintiff's employment as a result of Plaintiff taking and requesting intermittent FMLA leave.

64.    Defendants interfered with Plaintiff's rights under the FMLA by terminating his employment rather than restoring Plaintiff to his previous position or a comparable position.

65.    Defendants' termination of Plaintiff's employment occurred under circumstances raising a reasonable inference or showing direct evidence that Defendants terminated Plaintiff's employment due to his exercise of FMLA rights or to interfere with his FMLA rights.

66.    As a direct and proximate result of Defendants' actions and/or failures to act, Plaintiff has suffered, and will continue to suffer, a loss of earnings, employment benefits, and job opportunities. Plaintiff is therefore entitled to damages in an amount to be proven at trial, as wells as any equitable remedies available to him, including reinstatement.

67.    Defendants' actions and/or failure to act were in bad faith for which Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

## ATTORNEY'S FEES

68.    As a further direct and proximate result of Defendants' actions and/or failures to act, Lopez has been compelled to retain the services of counsel, and has thereby incurred and will continue to incur costs and attorney's fees which should be required to be paid by the Defendants pursuant to Idaho Code §§ 12-120, and 12-121; 42 U.S.C. § 12205; and 29 U.S.C. § 2617(a)(3).

## DEMAND FOR JURY TRIAL

Lopez demands trial by jury as to all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Lopez seeks judgment against the Defendants as follows:

1.    For compensatory and general damages as well as statutorily available damages in an amount as shall be proven at trial, including prejudgment interest, and any available equitable remedies;

2.    For punitive damages;

3.    For attorney's fees pursuant to statute and costs of suit; and

4.    For such other and further relief as the Court deems just and proper.

Dated this 14th day of January, 2021.


_____/s/_____
Ryan S. Dustin
CASPERSON ULRICH DUSTIN PLLC


C:\Users\Dana\Casperson Ulrich Dustin PLLC\Casperson Ulrich Dustin PLLC Team Site - Documents\Active Cases\Lopez, David Scott\Pleadings\Complaint.wpd:dg